UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| MATTHEW J. SKORNICKI, and wife, MEA L. SKORNICKI, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>MI LOGISTICS, INC., and HMT EXPRESS, INC., and GEORGE S. OSSONGONO NTAYME, )<br>)<br>)<br>)<br>Defendants. ) | No. 3:16-CV-5-PLR-DCP |

# **ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is a Motion to Compel [Doc. 33]. For grounds, the Motion states that discovery was served on Defendants on October 6, 2016. In addition, the Motion states that Plaintiffs sent Defendants a letter, dated May 2, 2017, requesting Defendants' responses to the written discovery or the status of such responses. The Motion submits that to date, Plaintiffs have not received Defendants' responses.

The Court notes that Section 3(i) of the Scheduling Order [Doc. 21] requires parties to take certain steps before filing motions regarding discovery disputes. First, the parties are to meet and confer in an attempt to resolve the dispute. If the parties cannot resolve the dispute, they shall attempt to resolve the dispute by conference with the Magistrate Judge. The Scheduling Order provides that "[i]f and only if, the parties' dispute is unresolved following the conference with the Magistrate Judge, the parties may file appropriate written motions with the Court . . ." Finally,

"[a]ny written motions regarding discovery shall include a certification of compliance with steps one (1) and (2) above as well as the written certification required by Rule 37(a)(1), if applicable."

The Court finds that Plaintiffs did not follow the procedure set forth in the Scheduling Order and did not include a good-faith certification that they conferred with Defendants in an attempt to resolve the dispute without the Court's intervention as required by Federal Rule of Civil Procedure 37(a)(1). While Plaintiffs submit that they sent Defendants a letter, dated May 2, 2017, the Court emphasizes that the above requirements are not "empty formalit[ies]." *Casey Wasserman Living Trust v. Bowers*, No. 5:09-CV-180-JMH, 2011 WL 2788307, at *1 (E.D. Ky. July 14, 2011). Accordingly, Plaintiffs' Motion to Compel [**Doc. 33**] is **DENIED WITHOUT PREJUDICE** to its refiling in the future once Plaintiffs are prepared to meet the requirements of Rule 37 and the procedure outlined in the Scheduling Order.

**IT IS SO ORDERED.**

ENTER:

  s/ Debra C. Poplin
Debra C. Poplin
United States Magistrate Judge